UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLARA ZAVALA-GUERRA,

Plaintiff,

v.

PERDUE FARMS INC., et al.,

Defendants.

Case No.  26-cv-00976-RS

**ORDER GRANTING MOTION TO REMAND**

Defendants removed this disability discrimination case from state court based on diversity jurisdiction. They claim that when they took Plaintiff's deposition more than a year after the case was filed, they learned that the diversity-destroying defendant was joined as a sham. However, the viability of the claim against that defendant did not turn on any of the information Plaintiff revealed during the deposition—its deficiencies were evident from day one. The removal is therefore untimely, and Plaintiff's motion to remand is granted.[1]

## I. BACKGROUND

Plaintiff Clara Zavala-Guerra is a former employee of Perdue Farms Inc. and various related corporate entities (collectively, the Corporate Defendants). On December 12, 2024, Plaintiff filed a lawsuit in state court averring that, over several years, she was discriminated against, harassed, and retaliated against for requesting disability accommodations related to

---

[1] Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for May 7, 2026, is vacated.

thyroid surgery and a pregnancy. The complaint asserted fifteen causes of action.

All of those causes of action were brought against the Corporate Defendants—save one. Cause of action eight—for negligent hiring, supervision, or retention—was brought against Jessica Campos Guevara, who Plaintiff described as having "occupied a managerial and/or supervisorial position at Corporate Defendants" and as having "exercised supervisory authority over Plaintiff within the scope of [her] employment and authority." Smith Decl., Ex. A (Complaint), ¶ 9. Though cause of action eight was styled as against Campos, the substantive averments suggested that liability was really being asserted against the Corporate Defendants. Plaintiff averred, for instance, that "Campos harmed Plaintiff, [making] [the] Corporate Defendants . . . responsible because they negligently hired, supervised, and/or retained Campos." *Id.*, ¶ 122. She goes on to aver that the "Corporate Defendants knew or should have known that Campos was or became unfit to perform her job responsibilities and that this unfitness as a manager/supervisor created a particular risk of injury to others." *Id.*, ¶ 124; *see also id.*, ¶ 125 ("Campos'[s] unfitness and incompetence harmed Plaintiff, and Corporate Defendants' negligence in hiring, supervising, and/or retaining Campos was a substantial factor in causing Plaintiff's harm.").

In October of 2025—roughly ten months after the case was initiated—Defendants filed a motion for judgment on the pleadings as to the cause of action against Campos. In that motion, they argued that cause of action eight was "improperly pled against an individual Defendant who could not have hired, supervised, or retained herself." Smith Decl., Ex. C (MJOP), at 2. While that motion was pending in state court, Plaintiff sat for a deposition. In it, she admitted that Campos was merely an "HR lady" and was not Plaintiff's supervisor. She also admitted she had no knowledge of whether, when, or why Campos was ever disciplined by the Corporate Defendants. Defendants received the transcript of Plaintiff's deposition on January 20, 2026.

On January 30, 2026, Defendants removed the case to federal court. According to the notice of removal, when Defendants received the transcript of Plaintiff's deposition, they learned for the first time that Campos was joined as a "sham" defendant because "she cannot be found liable as a matter of law." Dkt. 1 (Notice of Removal), at 7. Without Campos in the case, the

ORDER GRANTING MOTION TO REMAND
CASE NO. 26-cv-00976-RS

2

parties are completely diverse—though Plaintiff and Campos are both citizens of California, the Corporate Defendants are citizens of Delaware and Maryland. *See* 28 U.S.C. § 1441(a); *id.* § 1332(a). Plaintiff filed a timely motion to remand the case to state court.

## II. LEGAL STANDARD

A defendant may remove any civil action to federal district court if the federal district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Section 1446 sets out the procedures for removal. A removing defendant generally must file the notice of removal within 30 days of receipt of the initial pleading. *See id.* § 1446(b)(1). If, however, the face of that pleading does not reveal removability, removal must be effectuated within 30 days of the receipt of the paper "from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). In any event, a case may not be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c)(1).

## III. DISCUSSION

If this case is removable, it has been so since the day it was filed. The only thing that originally precluded federal jurisdiction was the inclusion of Campos, a California citizen, in the lawsuit. If the cause of action against Campos was not viable, "and the failure [was] obvious according to the settled rules of the state, the joinder of the resident defendant [was] fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Under the settled rules of California law, Plaintiff's claim against Campos was doomed from the start—and it was not close. Though the complaint named Campos as the defendant as to cause of action eight, the substance of the averments suggested the Corporate Defendants were the wrongdoers. Plaintiff averred that Campos harmed Plaintiff but that the "Corporate Defendants [were] responsible because they negligently hired, supervised, and/or retained Campos." Complaint, ¶ 122. At no point does the complaint suggest that Campos did the hiring, supervising, or retaining, and it would have been impossible to do so if the person who was hired, supervised,

ORDER GRANTING MOTION TO REMAND
CASE NO. 26-cv-00976-RS

3

or retained was, in fact, Campos herself.

Even if Plaintiff had attempted to assert a cause of action for negligent hiring, supervision, or retention against Campos, the claim would have failed as a matter of law. In California, negligent hiring, supervision, or retention is a theory of direct liability against the *employer*. It does not create liability against an *employee*. *See Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339, 78 Cal.Rptr.2d 525, 528 (1998) ("Liability for negligent hiring . . . is based upon the reasoning that if an enterprise hires individuals with characteristics which might pose a danger to customers or other employees, the enterprise should bear the loss caused by the wrongdoing of its incompetent or unfit employees."); *Evan F. v. Hughson United Methodist Church*, 8 Cal.App.4th 828, 836, 10 Cal.Rptr.2d 748, 753 (1992) (explaining that, under California law, "an employer may be liable to a third person for negligently hiring an incompetent or unfit employee"). The complaint thus gave Defendants all the information they needed to remove: that there was no scenario in which the diversity-destroying defendant could be held liable.

Defendants claim that they only became aware that Campos was fraudulently joined when they received the transcript of Plaintiff's deposition, in which she admitted that Campos was not her supervisor and that she exercised no real authority over the conditions of her employment. Those facts, however, have nothing to do with the viability of the cause of action against Campos. Again, liability for negligent hiring, supervision, or retention turns on whether the defendant hired someone that posed a risk to the plaintiff even though that employer knew or should have known about that person's unfitness for the role. *See Mendoza*, 66 Cal.App.4th at 1339. Supervisory authority over the plaintiff is not an element of the tort.

Of course, Defendants have known this for some time. In October of 2025, they filed a motion for judgment on the pleadings as to cause of action eight because it was "improperly pled against an individual Defendant who could not have hired, supervised, or retained herself." MJOP, at 2. Defendants' motion goes on to recognize (correctly) that "California case law has long recognized the theory that *an employer* can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee," and it accuses (again, correctly) Plaintiff of

ORDER GRANTING MOTION TO REMAND
CASE NO. 26-cv-00976-RS

United States District Court
Northern District of California

"attempt[ing] to circumvent th[is] well-established principle[] of law and place directly liability on an individual employee rather than her employer." MJOP, at 4, 5. The record thus belies the notion Defendants just became aware of the deficiencies of the claim against Campos and, thus, of removability.

Defendants appear to walk back some of those arguments now. They contend that Plaintiff's complaint was indeterminate on removability because it "alleged that Campos had control over hiring decisions and supervisory responsibilities." Opp., at 5–6. The only way that can be true is if (1) California law permits a negligent hiring, supervision, or retention claim against an employee with hiring responsibilities *and* (2) Campos, in fact, hired herself. Defendants have failed to produce any authority supporting the former proposition, and the latter proposition is—as Defendants themselves have elsewhere pointed out—illogical.

It appears this case *was* removable. Plaintiff brought a legally and factually dubious cause of action against a California citizen. If that claim were ignored, the parties would have been completely diverse and subject-matter jurisdiction would have been present. Defendants, however, have known all they had to since the original complaint was filed, making removal untimely. The motion to remand is granted.

**IT IS SO ORDERED**.

Dated: April 27, 2026

_____
RICHARD SEEBORG
Chief United States District Judge